**Dated: February 27, 2026**
**The following is ORDERED:**

_____
**M. Ruthie Hagan**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| In re | |
| **Jamtarsha L. Sanders** | Case No. 25-25681 |
| Debtor | Chapter 7 |

**ORDER GRANTING DEBTOR'S MOTION FOR SANCTIONS FOR WILLFUL**
**VIOLATION OF THE AUTOMATIC STAY**

The parties are before the Court as ordered pursuant to the Court's Opinion and Order Granting Debtor's Motion for Sanctions for Willful Violation of the Automatic Stay entered on February 12, 2026. [DE 29] The Court requested evidence in support of Debtor's claim for actual expenses incurred, and in response, Debtor filed a Declaration of Damages [DE 31] itemizing her actual damages incurred as a result of Southwind Lakes Apartments' willful violation of the automatic stay as follows:

1

- 16[1] hours of lost wages at an hourly rate of $23 for a total of $368;
- Mileage for 5 trips to/from the Bankruptcy Court at $0.50 per mile for a total of $105;
- Printing and postage costs of $30;
- 10 hours expended on case and court preparation at $23 per hour for a total of $230;
- Damages for emotional distress totaling an additional $10,000.

The Court hereby incorporates its findings of facts and conclusions of law as set forth in its prior Opinion and Order Granting Debtor's Motion for Sanctions for Willful Violation of the Automatic Stay referenced above. Accordingly, the Court finds that, based on the evidence presented, Debtor has shown by a preponderance of the evidence that damages amounting to $733 were proximately caused by and reasonably incurred as a result of Southwind Lakes Apartments' willful violation of the automatic stay, and hereby awards Debtor, to be paid by Southwind Lakes Apartments, actual damages of $733.

Debtor is also seeking an award of compensable damages for emotional distress in the amount of $10,000. The Court has reviewed relevant authority and finds that "[i]f a debtor can prove an emotional injury that resulted in actual loss, then creditor should not go undeterred." *In re Tapp*, No. 19-62481, 2020 WL 4810074 at *3 (Bankr. N.D. Ohio July 10, 2020). In order to recover "'actual' damages for emotional distress under § 362(k), a plaintiff must (1) suffer significant emotional distress, (2) clearly establish the significant emotional distress, and (3) demonstrate a causal connection between that significant emotional distress and the violation of the automatic stay." *Id.* at *4 (citations omitted). While there is no set standard for deciding whether emotional damages are justified, "at a minimum the evidence must show a close causal connection between the stay violation and the emotional harm suffered," and a debtor must present "corroborative evidence of such damages, which is usually offered in the form of medical evidence." *Bankers Healthcare Group, Inc. v. Bilfield (In re Bilfield)*, 494 B.R. 292, 303-04

---

[1] Reduced from 32 hours based on testimony of Debtor. Debtor changed jobs in 2026, and Debtor did not provide any evidence as to any lost wages in 2026.

2

(Bankr. N.D. Ohio 2013) (citations omitted). Although the Court is sympathetic to the fact that the conduct of Southwind Lakes Apartments in proceeding with its post-petition eviction efforts no doubt exacerbated the stress and anxiety of Debtor's fragile financial state, in this case the Debtor has failed to produce any corroborative evidence to establish, by a preponderance of the evidence, the necessary casual connection between the stay violation and any emotional harm suffered. For this reason, the Court finds that Debtor's claim for emotional distress damages related to the willful violation of the automatic stay is denied.

The Court now turns to the issue of punitive damages and, finding the conduct of Southwind Lakes Apartments as set forth in its Opinion and Order [DE 29] to be in bad faith and reckless disregard of the law. The Court also considers the evidence presented regarding the inaccurate legal advice of Southwind Lakes Counsel's legal assistant as to the applicability of 11 U.S.C. § 365 and the dischargeability of the rental arrearage claim, also detailed in the Court's Opinion and Order. Considering the evidence before it, the Court determines in its discretion that Debtor is hereby awarded from Southwind Lakes Apartments punitive damages of five times her actual damages, or $3,665.

Accordingly, based on the facts presented and pursuant to 11 U.S.C. § 362(k), Debtor is hereby awarded a judgment against Southwind Lakes Apartments in the amount of $4,398, with post-judgment interest at the rate of 3.64% until paid in full. *See* 28 U.S.C. § 1961 and www.federalreserve.gov/releases/h15/ (visited February 24, 2026). However, if Debtor decides to remain in her apartment at Southwind Lakes, the amount of her damage award shall be offset by the amount of her outstanding rent due in order to cure all rental arrearages (i.e., Debtor can "cure and stay"). If instead Debtor opts to reject her lease and vacate the premises at Southwind Lakes Apartments, any prepetition rent amounts owing will be discharged upon the entry of the discharge

3

order entered in this Chapter 7 bankruptcy case. The Court hereby resets Southwind Lakes Apartments' Motion for Relief [DE 15] and sets Debtor's Motion to Assume Lease or Executory Contract [DE 33] for hearing on **Wednesday, March 18, 2026** at **9:30 a.m.** in the United States Bankruptcy Court, Courtroom No. 680, 200 Jefferson Avenue, Memphis, Tennessee.

The Bankruptcy Court Clerk shall serve a copy of this Opinion and Order on the following interested parties:

Ms. Jamtarsha L. Sanders
4562 Nevis Dr., Apt. #203
Memphis, TN 38125

Mr. S. Joshua Kahane, Esq.
6000 Poplar Avenue, Suite 400
Memphis, TN 38119

Mr. Brian Matthew Glass, Esq.
Chapter 7 Trustee
4646 Poplar Avenue, Suite 509
Memphis, TN 38117

United States Trustee
Office of the United States Trustee
200 Jefferson, Suite 400
Memphis, TN 38103